

FILED

2009 SEP 14 PM 12: 44

U.S. BANKRUPTCY COURT
W.D. OF WASH. AT SEATTLE

BY_____ _ DEP CLK

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In Re:

|  |  |
|---|---|
| Andrew Corrales Argosino | CHAPTER SEVEN PROCEEDING |
|  | CASE NO: 09-15769-SJS |
| Alice H. Argosino | ADVERSARY NO: |
|         Pettitoner, |  |
|  | PETITION TO DENY |
|  | DISCHARGEABILITY OF DEBT |
|     v. |  |
| Andrew Corrales Argosino |  |
|         Debtor |  |

---

COMES NOW the Petitioner, Alice H. Argosino., a creditor in the above entitled Chapter 7 bankruptcy proceeding, appearing on her own behalf, files her complaint to deny the dischargeability of debt and shows the court the following:

## I.  PARTIES, JURISDICTION AND VENUE

1.1  Petitioner, Alice H. Argosino at all times relevant hereto was a resident of King County, Washington.

1.2  Debtor, Andrew C. Argosino, at all times relevant hereto was a resident of the Western District of Washington and specifically, King County, Washington, who may be served with legal process at the following address:
      11621 SE 199th St.
      Renton, WA  98058

1.3  This court has jurisdiction pursuant to the provisions of 28 USC 1334(a) and (b) and 11 USC Section 523.

# II. BACKGROUND FACTS

2.1     On April 13, 2008, the divorce decree of Andrew C. Argosino (petitioner) vs. Alice H. Argosino (respondent) was finalized in the Superior Court of King County No: 07-3-07804-9 KNT.

2.2     On May 21, 2009 Andrew Argosino appeared in the Superior Court of King County on a Contempt of Motion hearing brought against him by Alice Argosino. Andrew Argosino had not met his responsibilities for spousal maintenance nor complied with the hold harmless provision in paragraph 3.6 of the amended decree of dissolution entered on June 13, 2008.

2.3     On May 21, 2009, an order was entered in the Superior Court of King County against Andrew Argosino for failure to comply with a lawful order dated June 13, 2008. Andrew Argosino was ordered to pay $4865.00 in back spousal maintenance from March 16th, 2009 through May 31, 2009. Andrew Argosino was also ordered to pay $1916.00 in back car payments to Alice Argosino for the Lexus that was driven by Alice Argosino to transport their children to and from school. Andrew Argosino was behind at that point, three months worth of payments. The Lexus has since been repossessed. The value of the Lexus has not yet been compensated to Alice Argosino. The amount estimated is $8,000.00

2.4     As of this date, September 12, 2009, Andrew Argsosino has not paid spousal maintenance and currently owes an additional $7,784.00 in spousal maintenance for the period of June 1, 2009 through September 30, 2009.

2.5     Please refer to Schedule J- Current Expenditures Of Individual Debtor(s), B6J (Official Form 6J) (12/07) of Andrew Argosino's bankruptcy filing dated July 2, 2009. Line 14, Alimony, maintenance, and support paid to others clearly indicates his knowledge and legal expectation to fulfill this debt.

2.6     On July 17, 2009 an order was set forth to reduce the monthly child support to $986.93 for Andrew Argosino's and Alice Argosino's two dependant children, A L ่ age 7, and A K . ่ age 3. Andrew Argosino paid only $300 on July 1, 2009 and has since refused to pay the additional $686.93 for the month of July.

2.7     Pursuant to the divorce decree, Andrew Argosino is responsible for all back taxes for the aforementioned years. He has not paid for the back taxes owed from 2005 and 2006. For clarification, Andrew Argosino has not filed for 2007 or 2008 so debt owed to IRS is unknown for those two years.

2.8     Alice Argosino filed her tax return for 2008. Alice Argosino received two separate notifications from the IRS that she would receive a refund of $910.04 and $194.70. This refund of $1,104.74 was applied to Andrew Argosino's 2005 tax debt.

2.9     Although, the court must be aware of Andrew Argosino's other questionable dealings, the following is a synopsis. Andrew Argosino has on numerous occasions deposited monies into his accounts obtained illegally utilizing a forged signature of Alice Argosino on convenience checks written from Alice Argosino's credit card accounts. He gifted nearly $40,000.00 in vehicles to his girlfriend, Karin Bayes, February 28, 2009 while simultaneously refusing to pay spousal maintenance as well as the Lexus car payments. On two different occsasions, Andrew Argosino has tried unsuccessfully to coerce Alice Argosino's signature

on documents excusing his financial responsibility in exchange for child support and a vehicle to drive.

2.10   Andrew Argosino has repeatedly failed to comply with any court order set forth. His inability to comply has created a great financial hardship for Alice Argosino and their two daughters. Alice Argosino is a single mother struggling to support her children. She is currently on state assistance with WIC (for their daughter AK ·ı) and enlisting the help of the state for medical for both AL ıa and AK

## III.  CAUSE OF ACTION-OBJECTION TO DISCHARGE

Alice Argosino reincorporates the allegations of paragraphs 1.1 through 2.10 herein.

3.1   Pursuant to sections 523(a)(2), (5) and (15) of the Bankruptcy code, the amounts owing to Petitioner described above are non-dischargeable, and Petitioner seeks an order declaring the same.

## IV.  PRAYER FOR RELIEF

WHEREFORE, petitioner prays for an order that:

4.1   All debts owing related to child support obligations are non-dischargeable.

4.2   Such debts will equal $686.43 as of September 30, 2009 and $986.43 shall be paid monthly thereafter.

4.3   All debts related to spousal maintenance are non-dischargeable.

4.4   Such debts will equal $12,649.00 as of September 30, 2009 and $1946.00 shall be paid monthly thereafter until October 31, 2010 when such obligation is fulfilled according to the amended Divorce Decree.

4.5   All other debts owing to petitioner, in an amount to be proven at trial, in connection with petitioner's and debtor's divorce decree, and other orders of the court in connection with the same, are non-dischargeable.

4.6   All debts owing to petitioner, in an amount to be proven at trial, incurred fraudulently, are non-dischargeable.

Respectfully submitted this 14th day of September, 2009

_____
Alice H. Argosino
Petitioner

Superior Court of Washington
County of King

In re the Marriage of:

ANDREW CORRALES ARGOSINO

           Petitioner,

and

ALICE HARRINGTON ARGOSINO

           Respondent.

No. 07-3-07804-9 KNT

Amended Decree of Dissolution (DCD)

## I. Judgment/Order Summaries

**1.1**   **Restraining Order Summary:**

    Does not apply.

**1.2**   **Real Property Judgment Summary:**

    Real Property Judgment Summary is set forth below:

---

Assessor's property tax parcel or account number: 227000-0030-03

Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state):

    LOT 3, EDMONDS PLAT, ACCORDING TO THE PLAT RECORDED IN VOLUME 206 OF PLATS, PAGE(S) 70 THROUGH 72, IN KING COUNTY, WASHINGTON.

---

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N E.
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2006

Assessor's property tax parcel or account number: 512700-0520-08

Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state):

> Lot 11, in Block 2 of Maplewood Heights, as per Plat recorded in Volume 78 of Plats, Page 1, Records of King County, Washington.

---

Assessor's property tax parcel or account number: 793680-0180-09

Legal description of the property awarded (including lot, block, plat, or section, township, range, county and state):

> Lot 18, Spring Hill West, according to the Plat thereof recorded in Volume 222 of Plats, Pages 42 through 45, in King County, Washington.

---

### 1.3 Money Judgment Summary:

Does not apply.

*End of Summaries*

## II. Basis

Findings of Fact and Conclusions of Law have been entered in this case.

## III. Decree

*It Is Decreed* that:

### 3.1 Status of the Marriage

The marriage of the parties is dissolved.

### 3.2 Property to be Awarded the Husband

The husband is awarded as his separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

1. Family home located at 11621 SE 199th Street, Renton, Washington 98058 and wife will quit claim her interest in the same.

2. Home located at 13832 SE 142nd Street, Renton, Washington 98059 and wife will quit claim her interest in the same.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2006

3. Home located at 1186 Edmonds Place, Renton, Washington 98056 and wife will quit claim her interest in the same.

4. 2006 Ford F250 VIN #IFTSW21PS6ED29898.

5. 1990 Supra Boat VIN #XKB01457D090.

6. 1990 Supra Trailer VIN #IRCADBS10LIE61765.

7. 2003 Suzuki GSXR 1000 VIN #JSIGT75A832108983.

8. Snow Mobile Trailer VIN #196KO8108GATP0292.

9. Yamaha Snow Mobile VIN #8DL000200.

10. Jaguar XJR VIN #SAJDA15B01MF29767.

11. 401(k) in the approximate amount of $5,070.00 to be cashed out and utilized for the payment of community debts.

12. TIAA-CREF (account #xxx4358) in the approximate amount of $15,765.99 to be cashed out and utilized for the payment of community debts.

13. BECU Roth IRA's (account #xxxxxx7833 and #xxxxxx3013) in the approximate amount of $12,272.19 to be cashed out and utilized for the payment of community debts.

14. Any and all household furniture, furnishings, appliances, fixtures, clothing, personal property, personal items, artwork, jewelry, cash and other items of personal property now in his possession.

15. Personal possessions currently in his possession. That additionally wife is accorded a walk through at the family home pursuant to section 3.3(2).

16. All bank accounts, credit union accounts and savings accounts maintained in the name of the husband.

17. All interest in any retirement benefits and/or pension plans not otherwise awarded to the wife or mentioned herein.

18. Any and all life insurance policies insuring the life of the husband, not specifically referred to herein or in the parenting plan. All insurance policies insuring any assets awarded to the husband herein or belonging to the husband. Any and all insurance in the name of the husband, not specifically referred to herein relating to medical, hospitalization and dental care.

19. Any and all rights and benefits derived as a result of the husband's past or

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2006

present employment, union affiliation, United States, or other citizenship and/or residency within a state, all of which include but are not limited to:

Various forms of insurance, rights to Social Security payments, welfare payments, unemployment compensation payments, disability payments, Medicare and Medicaid, retirement benefits, profit sharing benefits, stock option benefits, sick leave benefits, educational benefits and grants, interests in health or welfare plans, and all other legislated, contractual and/or donated benefits, whether vested or nonvested, and/or directly or indirectly derived through the activity of that specific party.

20.     Except as provided herein, all assets acquired by him after the date of the parties' separation.

### 3.3     Property to be Awarded to the Wife

The wife is awarded as her separate property the following property (list real estate, furniture, vehicles, pensions, insurance, bank accounts, etc.):

1.      2004 Lexus RX330 VIN #JPJHA3IU340023181.

2.      Any and all household furniture, furnishings, appliances, fixtures, clothing, personal property, personal items, artwork, jewelry, cash and other items of personal property now in her possession.  That additionally wife will be accorded a walk through at the family home to obtain personal possessions that are still on the premises.  Such walk through shall occur within one month of the entry of the amended Decree.

3.      Personal possessions currently in her possession.

4.      All bank accounts, credit union accounts and savings accounts maintained in the name of the wife.

5.      All interest in any retirement benefits and/or pension plans not otherwise awarded to the husband or mentioned herein.

6.      Any and all life insurance policies insuring the life of the wife, not specifically referred to herein or in the parenting plan.  All insurance policies insuring any assets awarded to the wife herein or belonging to the wife.  Any and all insurance in the name of the wife, not specifically referred to herein relating to medical, hospitalization and dental care.

7.      Any and all rights and benefits derived as a result of the wife's past or present employment, union affiliation, United States, or other citizenship and/or residency within a state, all of which include but are not limited to:

Various forms of insurance, rights to Social Security payments, welfare payments, unemployment compensation payments, disability payments, Medicare and Medicaid, retirement benefits, profit sharing benefits, stock option benefits, sick leave benefits, educational benefits and grants, interests in health

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2006

or welfare plans, and all other legislated, contractual and/or donated benefits, whether vested or nonvested, and/or directly or indirectly derived through the activity of that specific party.

8. Except as provided herein, all assets acquired by her after the date of the parties' separation.

Other:
The wife may reside at the home located at 1186 Edmonds Place, Renton, Washington 98056 for 2 years and afterward she must purchase the home for current market price. If wife fails to purchase the same, the home is to be sold with proceeds to pay off the rest of all debts and/or reimburse husband for such debt payments.

## 3.4 Liabilities to be Paid by the Husband

The husband shall pay the following community or separate liabilities:

1. Litton Loan Servicing (account #xxxxxx2375) in the approximate amount of $342,000.00.

2. BECU 2nd Mortgage (account #xxxxxx4749) in the approximate amount of $143,972.54.

3. Aurora Loans (account #1006) in the approximate amount of $267,913.46.

4. EMC Mortgage (account #xxxxxx5159) in the approximate amount of $66,829.92.

5. Country Wide (account #088233113) in the approximate amount of $209,977.48.

6. BECU 2nd Mortgage (account #1001454361) in the approximate amount of $54,272.26.

7. AMEX (account #x1009) in the approximate amount of 22,272.86.

8. Chase (account #4822) in the approximate amount of $18,448.00.

9. Citicard (account #5559) in the approximate amount of $3,392.79.

10. BECU (account #0606) in the approximate amount of $7,613.14.

11. Wells (account #4207) in the approximate amount of $3,720.12.

12. Bank of America (account #3707) in the approximate amount of $3,456.00.

13. Juniper (account #1469) in the approximate amount of $2,064.91.

14. Discover (account #7935) in the approximate amount of $1,175.00.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

15.   Home Depot (account #0683) in the approximate amount of $3,642.45.

16.   Lowe's (account #3674) in the approximate amount of $715.27.

17.   Lexus (account #xxxxxx0789) in the approximate amount of $35,417.10.

18.   Ford Credit (account #xxxxx9510) in the approximate amount of $54,048.51.

19.   Back Taxes (ID #xxx-xx-8971) in the approximate amount of $5,285.31.

20.   Line of Credit BECU (account #7017) in the approximate amount of $22,488.31.

Unless otherwise provided herein, the husband shall pay all liabilities incurred by him since the date of separation.

### 3.5   Liabilities to be Paid by the Wife

The wife shall pay the following community or separate liabilities:

1.   Juniper (account #0836) in the approximate amount of $13,542.71.  4/2/09  $5,511.43

2.   BECU (account #0973) in the approximate amount of $7,171.24.

3.   Orchard (account #7747) in the approximate amount of $2,308.52.

Unless otherwise provided herein, the wife shall pay all liabilities incurred by her since the date of separation.

### 3.6   Hold Harmless Provision

Each party shall hold the other party harmless from any collection action relating to separate or community liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

### 3.7   Spousal Maintenance

Other:
The husband shall maintain the family residence located at 1186 Edmonds Place, Renton, Washington 98056 in which the wife resides for three years and the attendant bills associated therewith including monthly payments and attendant utilities from November 1, 2007 to October 31, 2010.

### 3.8   Continuing Restraining Order

Does not apply.

Decree (DCD) (DCLSP) (DCINMG) - Page 6 of 7
WPF DR 04.0400 (6/2006) - RCW 26 09.030; .040; .070 (3)

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N E.
Bellevue, WA 98004
(425) 637-9755

**3.9 Protection Order**

Does not apply.

**3.10 Jurisdiction Over the Children**

The court has jurisdiction over the children as set forth in the Findings of Fact and Conclusions of Law.

**3.11 Parenting Plan**

The parties shall comply with the Parenting Plan signed by the court on this date. The Parenting Plan signed by the court is approved and incorporated as part of this decree.

**3.12 Child Support**

Child support shall be paid in accordance with the order of child support signed by the court on this date. This order is incorporated as part of this decree.

**3.13 Attorney Fees, Other Professional Fees and Costs**

Does not apply.

**3.14 Name Changes**

Does not apply.

**3.15 Other**

The wife is currently pregnant and the child is not a child of the petitioner.

Dated: ~~May 22nd, 2008~~ JUN 13 2008

Roderick S. Simmons
_____
**Judge/Commissioner**

Petitioner or petitioner's lawyer:
A signature below is actual notice of this order.
Presented by:

Respondent or respondent's lawyer:
A signature below is actual notice of this order.
Approved by:
Notice for presentation waived:

_____ 10594
Philip R. Shucklin          Date
Signature of Petitioner or Lawyer/WSBA No.

_____ 5-22-08
Alice Argosino          Date
Signature of Respondent or Lawyer/WSBA No.

Decree (DCD) (DCLSP) (DCINMG) - Page 7 of 7
WPF DR 04 0400 (6/2006) - RCW 26.09 030; .040; 070 (3)

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N E.
Bellevue, WA 98004
(425) 637-9755

1

2

3

4

5

6

7

8

**Superior Court of Washington**
**County King**

9

In re the Marriage of:

No. 07-3-07804-9 KNT

10

ANDREW CORRALES ARGOSINO

**Parenting Plan**
**Final Order (PP)**

11

Petitioner,

and

12

ALICE HARRINGTON ARGOSINO

13

Respondent.

14

15

This parenting plan is the final parenting plan signed by the court pursuant to a decree of dissolution, legal separation, or declaration concerning validity entered on this date.

16

**It Is Ordered, Adjudged and Decreed:**

17

18

## I. General Information

This parenting plan applies to the following children:

19

20

| Name | Age |
|------|-----|

21

| Athena Argosino | 5 |
| Alayla Argosino | 2 |

22

## II. Basis for Restrictions

23

*Under certain circumstances, as outlined below, the court may limit or prohibit a parent's contact with the children and the right to make decisions for the children.*

24

25

Parenting Plan (PPP, PPT, PP) Page 1 of 10 Laws of 2007, ch 496, § 301
WPF DR 01.0400 Mandatory (7/2007) - RCW 26 09 181, .187; .194

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

**2.1 Parental Conduct (RCW 26.09.191(1), (2))**

Does not apply.

**2.2 Other Factors (RCW 26.09.191(3))**

Does not apply.

### III. Residential Schedule

*The residential schedule must set forth where the children shall reside each day of the year, including provisions for holidays, birthdays of family members, vacations, and other special occasions, and what contact the children shall have with each parent. Parents are encouraged to create a residential schedule that meets the developmental needs of the children and individual needs of their family. Paragraphs 3.1 through 3.9 are one way to write your residential schedule. If you do not use these paragraphs, write in your own schedule in Paragraph 3.13.*

**3.1 Schedule for Children Under School Age**

Prior to enrollment in school, the children shall reside with the mother, except for the following days and times when the children will reside with or be with the other parent:

Father shall have the children on his days off each week which vary due to his employment situation and schedule. Minimally he would be accorded one weeknight overnight in addition to his "weekend" for two days which does not always coincide with the calendar weekend. Father shall pick up at 3:00 p.m. and return at the conclusion of the visitation the following morning.

**3.2 School Schedule**

Upon enrollment in school, the children shall reside with the mother, except for the following days and times when the children will reside with or be with the other parent:

Same as section 3.1, above.

The school schedule will start when each child begins kindergarten

**3.3 Schedule for Winter Vacation**

The children shall reside with the mother during winter vacation, except for the following days and times when the children will reside with or be with the other parent:

The father shall be accorded even numbered years and the mother shall be accorded odd numbered years.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

## 3.4 Schedule for Other School Breaks

The children shall reside with the mother during other school breaks, except for the following days and times when the children will reside with or be with the other parent:

The father shall be accorded odd numbered years and the mother shall be accorded even numbered years.

## 3.5 Summer Schedule

Upon completion of the school year, the children shall reside with the mother, except for the following days and times when the children will reside with or be with the other parent:

Same as school year schedule.

## 3.6 Vacation With Parents

The schedule for vacation with parents is as follows:

The father shall be accorded two weeks during the summer vacation with the children.

## 3.7 Schedule for Holidays

The residential schedule for the children for the holidays listed below is as follows:

| | With Mother (Specify Year Odd/Even/Every) | With Father (Specify Year Odd/Even/Every) |
|---|---|---|
| New Year's Day | odd | even |
| Martin Luther King Day | even | odd |
| Presidents' Day | odd | even |
| Memorial Day | even | odd |
| July 4th | odd | even |
| Labor Day | even | odd |
| Veterans' Day | odd | even |
| Thanksgiving Day | even | odd |
| Christmas Eve | odd | even |
| Christmas Day | even | odd |

For purposes of this parenting plan, a holiday shall begin and end as follows (set forth times):

3:00 p.m. after work with return to school.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

Holidays which fall on a Friday or a Monday shall include Saturday and Sunday.

### 3.8 Schedule for Special Occasions

The residential schedule for the children for the following special occasions (for example, birthdays) is as follows:

|  | With Mother (Specify Year Odd/Even/Every) | With Father (Specify Year Odd/Even/Every) |
|---|---|---|
| Mother's Day | every |  |
| Father's Day |  | every |
| Mother's Birthday | every |  |
| Father's Birthday |  | every |
| Children's Birthdays | even | odd |

### 3.9 Priorities Under the Residential Schedule

If the residential schedule, paragraphs 3.1 - 3.8, results in a conflict where the children are scheduled to be with both parents at the same time, the conflict shall be resolved by priority being given as follows:

Rank the order of priority, with 1 being given the highest priority:

4 school schedule (3.1, 3.2)
5 winter vacation (3.3)
6 school break(s) (3.4)
7 summer schedule (3.5)
3 vacation with parents (3.6)
2 holidays (3.7)
1 special occasions (3.8)

### 3.10 Restrictions

Does not apply because there are no limiting factors in paragraphs 2.1 or 2.2.

### 3.11 Transportation Arrangements

Transportation costs are included in the Child Support Worksheets and/or the Order of Child Support and should not be included here.

Transportation arrangements for the children between parents shall be as follows:

Receiving parent to pick up.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

### 3.12 Designation of Custodian

The children named in this parenting plan are scheduled to reside the majority of the time with the mother   This parent is designated the custodian of the children solely for purposes of all other state and federal statutes which require a designation or determination of custody.  This designation shall not affect either parent's rights and responsibilities under this parenting plan.

### 3.13 Other

### 3.14 Summary of RCW 26.09.430 - .480, Regarding Relocation of a Child

This is a summary only. For the full text, please see RCW 26.09.430 through 26.09.480.

If the person with whom the child resides a majority of the time plans to move, that person shall give notice to every person entitled to court ordered time with the child.

If the move is outside the child's school district, the relocating person must give notice by personal service or by mail requiring a return receipt.  This notice must be at least 60 days before the intended move.  If the relocating person could not have known about the move in time to give 60 days' notice, that person must give notice within 5 days after learning of the move.  The notice must contain the information required in RCW 26.09.440.  See also form DRPSCU 07.0500, (Notice of Intended Relocation of A Child).

If the move is within the same school district, the relocating person must provide actual notice by any reasonable means.  A person entitled to time with the child may not object to the move but may ask for modification under RCW 26.09.260.

Notice may be delayed for 21 days if the relocating person is entering a domestic violence shelter or is moving to avoid a clear, immediate and unreasonable risk to health and safety.

If information is protected under a court order or the address confidentiality program, it may be withheld from the notice.

A relocating person may ask the court to waive any notice requirements that may put the health and safety of a person or a child at risk.

Failure to give the required notice may be grounds for sanctions, including contempt.

**If no objection is filed within 30 days after service of the notice of intended relocation, the relocation will be permitted and the proposed revised residential schedule may be confirmed.**

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA  98004
(425) 637-9755

A person entitled to time with a child under a court order can file an objection to the child's relocation whether or not he or she received proper notice.

An objection may be filed by using the mandatory pattern form WPF DRPSCU 07.0700, [Objection to Relocation/Petition for Modification of Custody Decree/Parenting Plan/Residential Schedule]. The objection must be served on all persons entitled to time with the child.

The relocating person shall not move the child during the time for objection unless: (a) the delayed notice provisions apply; or (b) a court order allows the move.

If the objecting person schedules a hearing for a date within 15 days of timely service of the objection, the relocating person shall not move the child before the hearing unless there is a clear, immediate and unreasonable risk to the health or safety of a person or a child.

## IV. Decision Making

### 4.1 Day-to-Day Decisions

Each parent shall make decisions regarding the day-to-day care and control of each child while the children are residing with that parent. Regardless of the allocation of decision making in this parenting plan, either parent may make emergency decisions affecting the health or safety of the children.

### 4.2 Major Decisions

Major decisions regarding each child shall be made as follows:

| | |
|---|---|
| Education decisions: | joint |
| Non-emergency health care: | joint |
| Religious upbringing: | joint |
| Driver's License: | joint |
| Military Service: | joint |
| Body Piercing/Tatoos: | joint |

### 4.3 Restrictions in Decision Making

Does not apply because there are no limiting factors in paragraphs 2.1 and 2.2 above.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA  98004
(425) 637-9755

# V. Dispute Resolution

*The purpose of this dispute resolution process is to resolve disagreements about carrying out this parenting plan. This dispute resolution process may, and under some local court rules or the provisions of this plan must, be used before filing a petition to modify the plan or a motion for contempt for failing to follow the plan.*

Disputes between the parties, other than child support disputes, shall be submitted to (list person or agency):

mediation by to be agreed upon, if this box is checked and issues of domestic violence or child abuse are present, then the court finds that the victim requested mediation, that mediation is appropriate and that the victim is permitted to have a supporting person present during the mediation proceedings.

The cost of this process shall be allocated between the parties as follows:

50% mother 50% father.

The dispute resolution process shall be commenced by notifying the other party by certified mail.

In the dispute resolution process:

(a)     Preference shall be given to carrying out this Parenting Plan.

(b)     Unless an emergency exists, the parents shall use the designated process to resolve disputes relating to implementation of the plan, except those related to financial support.

(c)     A written record shall be prepared of any agreement reached in counseling or mediation and of each arbitration award and shall be provided to each party.

(d)     If the court finds that a parent has used or frustrated the dispute resolution process without good reason, the court shall award attorneys' fees and financial sanctions to the other parent.

(e)     The parties have the right of review from the dispute resolution process to the superior court.

# VI. Other Provisions

There are the following other provisions:

1.     Both parents have equal access to records from school, medical and dental records and information, and any other documentation or information pertaining

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2007

to the child.

2.  Each parent has the right to attend school, sports, or any extracurricular events for the child without regard to each parent's residential time for the child.

3.  Each parent shall keep the other parent informed as to his or her current residential address and telephone number (work, home and cell) at all times.

4.  Neither parent shall make derogatory comments to, or in front of the child about the other parent, nor shall allow third parties to do so.

5.  If either parents behavior undermines the well being of the children as a result of alcohol or substance abuse an evaluation can be undertaken to determine what appropriate action should be taken to help that parent deal with such issues and ensure such conduct does not harm the parties children in anyway. That pursuant to court order an evaluation may be undertaken to determine parental conduct, effects on the children and whether restrictions may need to be put in place.

6.  If a parent moves out of the school district it is the responsiblity of such parent to ensure that the children continue their participation in school and extracurricular activities including but not limited to school, sports, musical or dramatic activities.

7.  As each child gets older it is recongized by the parents they may wish to spend weekend time with friends as well as honor weekend commitments and it shall be the responsiiblity of the parent intrusted with the child for said weekend to facilitate such activities or relationships.

8.  Each parent shall have the equal and independent authority to confer with school and other programs with regard to the child's progress and each shall have free access to school, daycare, health, and other records of the child.

9.  Telephonic access to the child by either of the parents shall be freely allowed and not interfered with, monitored, or censored by either parent whether initiated by the child or either parent provided it occurs between the hours of 8:00 a.m. and 8:00 p.m. Notwithstanding the foregoing, if there is a toll, airtime, or long distance charge, it shall be paid by the parent with whom the child was communicating. If a parent fails or refuses to pay for the tolls or long distance charges incurred related to his or her communication with the child, then the other parent is not obligated to allow telephonic communication that would result in a toll or long distance charge on the parent's phone.

10. Neither parent shall expose the child to inappropriate images or materials that are inconsistent with the child's age and level of sophistication.

11. Each parent shall honor one another's parenting style, privacy and authority.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

Neither parent shall interfere in the parenting style of the other nor shall either parent make plans or arrangements that would impinge upon the other parent's authority or time with the child without the express agreement of the other. Each parent shall encourage the child to discuss his or her grievance against a parent directly with the parent in question.

12. Both parents will strive to listen to the children's concerns, attempt to respect and honor their wishes and assist the children in finding solutions to problems and frustrations that may be confronting them.

13. Each parent shall provide the other parent with a travel itinerary and, whenever reasonably possible, telephone numbers where the child can be reached whenever the child will be away from one of the parent's home.

14. Neither parent shall encourage the child to change their primary residence or encourage the child to believe it is their choice to do so.

15. Neither parent shall ask the child to make decisions or requests involving the residential schedule. Neither parent shall discuss the residential schedule with the child except for plans which have already been agreed to by both parents in advance.

16. Neither parent shall advise the child of the status of child support payments or other legal matters regarding the parent's relationship.

17. Both parents shall ensure that the child have his/her own bedroom appropriately furnished with own bed when overnight visitations are to occur.

18. Parents shall be responsible and ensure child is able to attend his/her extracurricular activities when with each parent.

19. That when transporting a child parents shall ensure that seat belts are always worn in compliance with state law.

20. That the parents will jointly determine when parents will ensure that there is adequate supervision for the children at all times when a parent is not available to be at home with the children or at activities.

21. Both parents shall abide by all counseling recommendations made by the child's counselor or psychiatrist and shall cooperate in the implementation of such recommendations in connection with parenting and visitation.

## VII. Declaration for Proposed Parenting Plan

Does not apply.

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

FamilySoft FormPAK 2007

## VIII. Order by the Court

It is ordered, adjudged and decreed that the parenting plan set forth above is adopted and approved as an order of this court.

**WARNING:** Violation of residential provisions of this order with actual knowledge of its terms is punishable by contempt of court and may be a criminal offense under RCW 9A.40.060(2) or 9A.40.070(2). Violation of this order may subject a violator to arrest.

When mutual decision making is designated but cannot be achieved, the parties shall make a good faith effort to resolve the issue through the dispute resolution process.

If a parent fails to comply with a provision of this plan, the other parent's obligations under the plan are not affected.

Before signing the final parenting plan, the court consulted the judicial information system and databases, if available, to determine the existence of any information and proceedings that are relevant to the placement of the children.

Dated:_____          _____
                                          **Judge/Commissioner**

Presented by:                             Approved for entry:

_____10594                _____
Philip R. Shucklin                        Alice Argosino
Signature of Party or Lawyer/WSBA No.     Signature of Party or Lawyer/WSBA No.

Parenting Plan (PPP, PPT, PP) Page 10 of 10 Laws of 2007, ch 496, §
301
WPF DR 01.0400 Mandatory (7/2007) - RCW 26.09.181; .187, .194

Philip R. Shucklin, P.S.
Attorney at Law
2000 - 112th Avenue N.E.
Bellevue, WA 98004
(425) 637-9755

# IN THE SUPERIOR COURT OF WASHINGTON
## FOR KING COUNTY

In re the Marriage of:

ANDREW C ARGOSINO,

               Petitioner,

and

ALICE H. ARGOSINO,

               Respondent

NO. 07-3-07804-9 KNT

**Order on Show Cause re Contempt/Judgment (ORCN)**

**Next Hearing Date:** June 15, 2009 4:30 am.

[X] **Clerk's Action Required, ¶ 3.8**

---

## I. Judgment Summary

[ ]   Does not apply

[X]   Judgment summary is as follows

| | | |
|---|---|---|
| A | Judgment creditor | Alice H. Argosino |
| B | Judgment debtor | Andrew C Argosino |
| C | Principal judgment amount (back support/maintenance) | $ 4865.00 |
| | From (date) 3/1/09 to (date) 5/31/09 | |
| D | Interest to date of judgment | $ _____ |
| E | Attorney fees | $ _____ |
| F | Costs | $ _____ |
| G | Other recovery amount (costs 2 Req the order) | $ 1410.00 |
| H | Principal judgment shall bear interest at __12__ "o per annum | |
| I | Attorney fees, costs and other recovery amounts shall bear interest at     "o per annum | |
| J | Attorney for judgment creditor | None |
| K | Attorney for judgment debtor | Susan Alexander, WSBA 21350 |
| L | Other | |

Law Offices of
**SUSAN ALEXANDER, P.S.**
5100 Carillon Point
Kirkland, Wa 98033
tel 425-576-4173
fax 425-576-4171

## II. Findings and Conclusions

*This Court Finds*

**2.1 Compliance With Court Order**

Andrew Argosmo [ ] did comply [X] intentionally failed to comply with a lawful order of the court dated on June 13, 2008.

**2.2 Nature of Order**

The order is related to [ ] child support [XX] spousal maintenance [ ] parenting plan (custody/visitation) [ ] a restraining order

**2.3 How the Order was Violated**

[ ] The order was not violated.
[X] This order was violated in the following manner (include dates and times, and amounts, if any): Failure to make 3 payments in wifes terms of failure to make house payment on wife's residence in Renton from 3/14/09 to 5/31/09

**2.4 Past Ability to Comply With Order**

Andrew Argosmo [ ] had [X] did not have the ability to comply with the order as follows

Mr Argosmo lost his job in Oct 2008 due to no fault of his own.

**2.5 Present Ability and Willingness to Comply With Order**

Andrew Argosmo [ ] has [X] does not have the present ability to comply with the order as follows

His current employment does not provide enough income and mental to make either the taxes or the house payment. From his other wife to Pay husband exercised due diligence to find decent new employment. obligation and meet basic living needs.

Law Offices of
SUSAN ALEXANDER, P.S.
8400 Carillon Point
Kirkland, Wa 98033
tel 425-576-4173
fax 425-576-4174

Andrew Argosino [X] has [ ] does not have the present willingness to comply with the order as follows:

*Mr Argosino would like to comply, with the order but is unable to. He has demonstrated inability to pay based on his job loss. He met his affirmative burden.*

## 2.6 Back Support/Maintenance

[ ] Back support/maintenance is not addressed in the contempt motion
[ ] No back support or maintenance is owed
[X] (Name) *Andrew Argosino* failed to pay the other party the *house payment* *in the* sum of $ *4845.00* for maintenance support and interest to date in the amount of $ *0* for the period from *3/16/09* through
    *573.09*
[ ] Other

## 2.7 Compliance With Parenting Plan

Does not apply

## 2.8 Attorney Fees and Costs

[X] Does not apply

[ ] The attorney fees and costs awarded in paragraph 3.7 below have been incurred and are reasonable

## III. Order and Judgment

*It is Ordered:*

## 3.1 Contempt Ruling

Andrew Argosino [ ] is [X] is not in contempt of court *but has failed to comply with the decree. when the motion related to debt/property obligations, it*

Law Offices of
**SUSAN ALEXANDER, P.S.**
8400 Carillon Point
Kirkland Wa 98033
tel 425-576-4123
fax 425-576-4171

*was treated as a motion To enforce rather than contempt.*

**3.2 Imprisonment**

☒ Does not apply

[ ] (Name) _____ is to be confined in the
(name of county) _____ County Jail

    [ ] Confinement shall commence immediately and shall continue until
(date) _____ or until the contempt is purged as set forth
in paragraph 3.6 below, in which case the contemnor shall be released
immediately

    [ ] Confinement is suspended as follows:

    [ ] Other:

**3.3 Additional Residential Time**

Does not apply.

**3.4 Judgment for Past Child Support**

[X] Does not apply

[ ] No judgment for past child support was requested
[ ] (Name) _____ shall have judgment against
(name) _____ in the amount of
$ _____ and for unpaid child support arrearages $ _____
interest thereon for the period from (date) _____ through (date) _____

**3.5 Judgment for Past Maintenance**

[ ] Does not apply

[X] (Name) _Alice Arjuna_ shall have judgment against
(name) _Andrew Atkinson_ in the amount of $ _4825_ for
unpaid maintenance arrearages and $ _0_ interest thereon for the period
from (date) _3/10/09_ through (date) _5/31/09_

Law Offices of
**SUSAN ALEXANDER, P.S.**
5100 Carillon Point
Kirkland, Wa 98033
tel 425-576-4173
fax 425-576-4174

**3.6    Conditions for Purging the Contempt**

[X]    Does not apply.
[ ]    The contemnor may purge the contempt as follows

**3.7    Attorney Fees and Costs**

[X]    Does not apply
[ ]    (Name) _____                                    shall have judgment against
       (name) _____ in the amount of $ _____ for
       attorney fees and $ _____ for costs

**3.8    Review Date**

[ ]    Does not apply
[X]    The court shall review this matter on (date) 6/15/09     at (time)
       9:30 am unless another matter is set.

**3.9    Other**  Alice Arguaino shall also have judgment against
Andrew Arguaino for 2 missed payments on her
lease automobile (as provided in para. 3.4(17) of the
Amended Decree); and in the amount of $1916 pursuant
to the hold harmless Order seen in para. 3.6 of the
Amended Decree of dissolution.

Additionally, pursuant Standing This Order the husband shall
provide an insurance card for the children.
See also page 7

Law Offices of
SUSAN ALEXANDER, P.S.
5400 Carillon Point
Kirkland, Wa 98033
tel 425-576-4173
fax 425-576-4174

### 3.10 Summary of RCW 26.09.430 - .480, Regarding Relocation of a Child

This is a summary only. For the full text, please see RCW 26.09.430 through 26.09.480.

If the person with whom the child resides a majority of the time plans to move, that person shall give notice to every person entitled to court ordered time with the child.

If the move is outside the child's school district, the relocating person must give notice by personal service or by mail requiring a return receipt. This notice must be at least 60 days before the intended move. If the relocating person could not have known about the move in time to give 60 days' notice, that person must give notice within 5 days after learning of the move. The notice must contain the information required in RCW 26.09.440. See also form DRPSCU 07.0500, (Notice of Intended Relocation of A Child).

If the move is within the same school district, the relocating person must provide actual notice by any reasonable means. A person entitled to time with the child may not object to the move but may ask for modification under RCW 26.09.260.

Notice may be delayed for 21 days if the relocating person is entering a domestic violence shelter or is moving to avoid a clear, immediate and unreasonable risk to health and safety.

If information is protected under a court order or the address confidentiality program, it may be withheld from the notice.

A relocating person may ask the court to waive any notice requirements that may put the health and safety of a person or a child at risk.

Failure to give the required notice may be grounds for sanctions, including contempt.

**If no objection is filed within 30 days after service of the notice of intended relocation, the relocation will be permitted and the proposed revised residential schedule may be confirmed.**

A person entitled to time with a child under a court order can file an objection to the child's relocation whether or not he or she received proper notice.

An objection may be filed by using the mandatory pattern form WPF DRPSCU 07.0700, (Objection to Relocation/Petition for Modification of Custody Decree/Parenting Plan/Residential Schedule). The objection must be served on all persons entitled to time with the child.

The relocating person shall not move the child during the time for objection unless (a) the delayed notice provisions apply or (b) a court order allows the move.

If the objecting person schedules a hearing for a date within 15 days of timely service of the objection, the relocating person shall not move the child before the hearing unless there is a clear, immediate and unreasonable risk to the health or safety of a person or a child.

Law Offices of
**SUSAN ALEXANDER, P.S.**
5400 Carillon Point
Kirkland Wa 98033
tel 425-576-4173
fax 425-576-4174

**Warning:** Violation of residential provisions of this order with actual knowledge of its terms is punishable by contempt of court and may be a criminal offense under RCW 9A.40.060(2) or 9A.40.070(2). Violation of this order may subject a violator to arrest.

Dated: May 21, 2009

_____
Judge/Commissioner

Presented by:                              Approved for entry
                                           Notice of presentation waived:

                                           Present during oral
                                           reading, left prior
                                           Appeared to signature

_____          _____
SUSAN ALEXANDER, WSBA 21350               ALICE ARGOSINO
Attorney for Petitioner                   Pro Se Respondent

page 7    While Mr. Argosino has
met his burden to show
due diligence, he has not held
respondent harmless
from his obligations. He is
contrained no side agreement
(as is respondent) that are not
reduced to court order. Absent
a court order modifying decree terms,
he is to strictly comply with the decree.

Ord on Show Cause re Cntmpt/Jdgmnt (ORCN) -
WPF DRPSCU 05.0200 Mandatory (6/2008) -
RCW 26.09.160, 7.21.010 Page 7 of 6

Law Offices of
**SUSAN ALEXANDER, P.S.**
5400 Carillon Point
Kirkland, Wa 98033
tel 425-576-4173
fax 425-576-4174

2000 JUL 17 PM 2:53

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

# Superior Court of Washington
# County of King

In re the Marriage of:

ANDREW C. ARGOSINO

                        Petitioner,

and

ALICE H. ARGOSINO

                        Respondent.

**No. 07-3-07804-9 KNT**

*AGREED*

~~Temporary~~ **Order
(TMO/TMRO)**

**[ ] Clerk's Action Required**
**[ ] Law Enforcement**

## I. Judgment/Order Summaries

### 1.1 Restraining Order Summary
    Does not apply.

### 1.2 Money Judgment Summary

    [X]    Does not apply.
    [ ]    Judgment Summary is set forth below.

| | | |
|---|---|---|
| A. | Judgment creditor | _____ |
| B. | Judgment debtor | _____ |
| C. | Principal judgment amount | $ _____ |
| D. | Interest to date of judgment | $ _____ |
| E. | Attorney fees | $ _____ |
| F. | Costs | $ _____ |
| G. | Other recovery amount | $ _____ |
| H. | Principal judgment shall bear interest at _____ % per annum | |
| I. | Attorney fees, costs and other recovery amounts shall bear interest at _____ % per annum | |
| J. | Attorney for judgment creditor | _____ |
| K. | Attorney for judgment debtor | _____ |
| L. | Other: | |

Law Offices of
**Gordon Lotzkar**
10900 NE 8th Street, Suite 820
Bellevue, WA. 98004
425.450.4844

## II. Basis

A motion for a temporary order was presented to this court and the court finds reasonable cause to issue the order.

### 3.2 Temporary Relief

[1] THE PETITION TO MODIFY CHILD SUPPORT IS HEREBY DISMISSED.

[2] THE ORDER OF CHILD SUPPORT DATED APRIL 17, 2008 IS HEREBY MODIFIED TO INCLUDE A NEW TRANSFER PAYMENT AMOUNT OF $986.93. THE ATTACHED CHILD SUPPORT WORKSHEETS WILL NOW REFLECT THIS NEW AMOUNT.

[3] ALL OTHER TERMS IN THE ORDER OF CHILD SUPPORT 4/17/08 SHALL REMAIN IN FULL FORCE AND EFFECT.

[4] EVERY 90 DAYS THE RESPONDENT MAY REQUEST THE PETITIONER TO VERIFY HIS MONTHLY INCOME FROM ALL SOURCES VIA ANY INCOME DOCUMENTS.

Law Offices of
**Gordon Lotzkar**
10900 NE 8th Street, Suite 820
Bellevue, WA. 98004
425.450.4844

[5] THE PETITIONER SHALL TRANSFER TITLE AND/OR POSSESSION OF THE 2002 LAND ROVER DISCOVERY TO THE RESPONDENT WITHIN 7 DAYS AFTER ITS HAS HAD THE VEHICLE 60,000 MILE SERVICE WHICH HE WILL PAY FOR. THE VEHICLE WILL BE THE PROPERTY OF THE RESPONDENT FREE AND CLEAR OF ANY ENCUMBRANCES.

[6] THE RESPONDENT AGREES NOT TO INTERFEAR WITH THE PETITIONER'S BANKRUPTCY PROCEEDINGS UNLESS SHE IS INSTRUCTED BY THE TRUSTEE OR THE BANKRUPTCY COURT FOR HER INVOLVEMENT.

Law Offices of
**Gordon Lotzkar**
10900 NE 8th Street, Suite 820
Bellevue, WA. 98004
425.450.4844

**3.3    Other**

Presented by:

COMMISSIONER

A signature below is actual notice of this
order.

_____
Gordon Lotzkar  WSBA #25701
Attorney for Respondent

7/17/2009

_____
Susan Alexander  WSBA #21350
Attorney for Petitioner
ANDREW C. ARGOSINO
PETITIONER

_____
ALICE H. ARGOSINO
RESPONDENT

Law Offices of
**Gordon Lotzkar**
10900 NE 8th Street, Suite 820
Bellevue, WA. 98004
425.450.4844

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9019
Holtsville, NY 11742-9019

For assistance, call:
1-800-829-8374
**Your Caller ID:** 459815
**Notice Number:** CP42
**Date:** May 4, 2009

**Taxpayer Identification Number:**
-0789
**Tax Form:** 1040
**Tax Year:** December 31, 2008

309375.557695.1353.027 1 AV 0.324 694



ALICE H  ARGOSINO
1231 NE 91ST ST
SEATTLE  WA  98115-3132313

309375

### Overpaid Tax Applied to Other Federal Taxes Owed on Secondary Social Security Number

Our records show you owed other federal taxes under Social Security Number 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, therefore $910.04 of the overpaid tax on your tax return for the above year has been applied to the unpaid amount. The figures below show the amount of any refund due to you. If so, a check will be sent to you for the total amount due if it is more than $1 and you owe no other obligations. However, if the amount due to you is less than $1, it will be sent to you only if you ask for it.

### Tax Statement

| | |
|---|---|
| Your Overpaid Tax on Return | $910.04 |
| Amount of Overpaid Tax Applied | $910.04 |
| Amount to be Applied to Other Obligations, Refunded, or Applied to Your Estimated Tax | $.00 |

### How Your Overpaid Taxes were Applied

| Social Security Number | Form(s) | Tax Period(s) | Amount Applied |
|---|---|---|---|
| `-8971` | 1040 | December 31, 2005 | $900.00 |
| `-8971` | 1040 | December 31, 2005 | $10.04 |

This is not a bill  You may receive another notice in the next few weeks.

The following information may pertain to you if you are currently married or were previously married. Did we use your refund to pay for income taxes that you and a former (or current) spouse owe? If you file a claim, you may be eligible to receive relief from having to pay your former (or current) spouse's income tax debt. A successful claim for relief could change the tax you have to pay. You may not owe anything at all. You could receive your refund or other payments back.

You only have two years to file your claim. The two-year clock starts running from the first time we collect on this debt  Taking your refund and using it to pay back taxes is an example of an effort to collect

Brookhaven Service Center          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          Tax Period:     December 31, 2008



309375

Return this voucher with your payment or correspondence.

Your Telephone Number:          Best Time to Call:

(    )_____-_____          _____AM_____PM

☐ **Correspondence enclosed:**
   * Write your Taxpayer Identification
     Number, tax period and tax form number
     on your inquiry or correspondence

SB          200916                    89221-076-00269-9

42     Internal Revenue Service
       P.O. Box 9019
       Holtsville, NY  11742-9019                    ALICE H  ARGOSINO
                                                     1231 NE 91ST ST
                                                     SEATTLE  WA  98115-3132313

        lııllıııllllıııldlıılılllılllıdllımııılllıdııllıd

539960789 UB ARGO 30 0 200812

98115          IRS USE ONLY          SB W

89221-076-00269-9          200926   CP:          42
0   0          89

Department of the Treasury
**Internal Revenue Service**
P.O. Box 9019
Holtsville, NY 11742-9019

For assistance, call:
1-800-829-8374
**Your Caller ID:** 459815

**Notice Number:** CP42
**Date:** July 13, 2009

**Taxpayer Identification Number:**
-0789
**Tax Form:** 1040
**Tax Year:** December 31, 2008

188736.582128.0658.015 1 AT 0.357 694

ALICE H ARGOSINO
1231 NE 91ST ST
SEATTLE   WA   98115-3132

8736

## Overpaid Tax Applied to Other Federal Taxes Owed on Secondary Social Security Number

Our records show you owed other federal taxes under Social Security Number 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, therefore $194.70 of the overpaid tax on your tax return for the above year has been applied to the unpaid amount. The figures below show the amount of any refund due to you. If so, a check will be sent to you for the total amount due if it is more than $1 and you owe no other obligations. However, if the amount due to you is less than $1, it will be sent to you only if you ask for it.

### Tax Statement

| | |
|---|---|
| Your Overpaid Tax on Return | $194.70 |
| Amount of Overpaid Tax Applied | $194.70 |
| Amount to be Applied to Other Obligations, Refunded, or Applied to Your Estimated Tax | $.00 |

### How Your Overpaid Taxes were Applied

| Social Security Number | Form(s) | Tax Period(s) | Amount Applied |
|---|---|---|---|
| `¯¯`-8971 | 1040 | December 31, 2005 | $194.70 |

This is not a bill. You may receive another notice in the next few weeks.

The following information may pertain to you if you are currently married or were previously married. Did we use your refund to pay for income taxes that you and a former (or current) spouse owe? If you file a claim, you may be eligible to receive relief from having to pay your former (or current) spouse's income tax debt. A successful claim for relief could change the tax you have to pay. You may not owe anything at all. You could receive your refund or other payments back.

You only have two years to file your claim. The two-year clock starts running from the first time we collect on this debt. Taking your refund and using it to pay back taxes is an example of an effort to collect.

Brookhaven Service Center                 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              Tax Period:      December 31, 2008

.88736

✂ **CUT HERE** ————————————————————————————————————————————————

Return this voucher with your payment or correspondence.

Your Telephone Number:        Best Time to Call:

(    )_____-_____          _____AM_____PM

☐ **Correspondence enclosed:**
 •  Write your Taxpayer Identification
    Number, tax period and tax form number
    on your inquiry or correspondence

SB              200926                      89221-076-00269-9

42      Internal Revenue Service
         P.O. Box 9019
         Holtsville, NY  11742-9019                    ALICE H  ARGOSINO
                                                       1231 NE 91ST ST
                                                       SEATTLE WA  98115-3132

         I..II..III..I.I.I.I.II.I.II......III.I..II.I

539960789 UB ARGO 30 0 200812



advertisement

FIND THE PERFECT ROUTE.
WITH THE ABILITY TO RECEIVE DETAILED WEATHER FORECASTS AND REAL-TIME TRAFFIC
UPDATES, NOW AVAILABLE ON THE RX. THE RX IS RE-INVENTING NAVIGATION.
THE ALL-NEW 2010 RX

**Home**   New Cars   **Used Cars**   Research & Explore   News & Reviews   Ready to Buy   Classifieds   Loans & Insurance   KBB® Green

Used Car Prices  |  Search Used Car Listings  |  Certified Pre-Owned  |  Compare Vehicles  |  Perfect Car Finder  |  Most Researched Vehicles  |  CARFAX Vehicle History

Welcome Back    Sign In  |  Create Account  |  My KBB        ZIP Code: 98115

Trade-In Value
**Private Party Value**
Suggested Retail Value
Photo Gallery
Compare Vehicles  new
Blue Book Review
Consumer Ratings
Find Your Next Car
Specifications

### BLUE BOOK® PRIVATE PARTY VALUE

More Photos

| Condition | Value |
|-----------|-------|
| Excellent | $16,225 |
| Good | $15,125 |
| Fair | $13,675 |

**Shopping Tools**
Free CARFAX Record Check
Auto Loan from 5.49% APR
Get Your Credit Score Now
Get a Free Insurance Quote
Payment Calculator
Extended Warranty Quote
Print For Sale Sign

## NEXT STEP: SEARCH LOCAL LISTINGS

**Free CARFAX Record Check**     Powered by CARFAX

VIN:

No VIN? No Problem!

**BUY A USED CAR**
**On Blue Book Classifieds™**
Powered By AutoTrader.com

[ Lexus ]
[ RX330 ]
[ 25 Miles or less ]
ZIP Code 98115
**To View Ads, Click**

**Average Consumer Rating (236 Reviews)**     Read Reviews

★★★★★  4.6 out of 5             Review this Vehicle

**Similar New Vehicles**

2010 Lexus RX 350         2009 Lincoln MKX

Photos          Photos
Pricing         Pricing

More Results

**LIST YOUR CAR FOR SALE**
**Special Package Offer!**
   For one low price you
   can reach millions of
   used car shoppers
Learn more now

**Vehicle Highlights**

| Mileage: | 101,000 |
|----------|---------|
| Engine: | V6 3.3 Liter |
| Transmission: | Automatic |
| Drivetrain: | AWD |

**FIND THE RIGHT CAR**
**Compare Used vs. New**

[ $15,000 to $20,000 ]
[ Both New and Used ]
[ Crossover ]

**To View List, Click**

**Selected Equipment**                 **Change Equipment**

**Standard**

Auto-Climate Control    AM/FM Stereo         Traction Control
Power Steering          Cassette             Dual Power Seats
Power Windows           Single Compact Disc  Moon Roof
Power Door Locks        Dual Front Air Bags  Privacy Glass
Tilt Wheel              Front Side Air Bags  Alloy Wheels
Cruise Control          ABS (4-Wheel)

**VIEW ANOTHER VEHICLE**

[ Select Year ]
[ Select Make ]
[ Select Model ]

Or Search by Category
Or Change ZIP Code

**Optional**

Navigation System       Leather
DVD System              Roof Rack

**Blue Book Private Party Value**

Private Party Value is what a buyer can expect to pay when buying a used car from a private party. The Private Party Value assumes the vehicle is sold "As Is" and carries no warranty (other than the continuing factory warranty). The final sale price may vary depending on the vehicle's actual condition and local market conditions. This value may also be used to derive Fair Market Value for insurance and vehicle donation purposes.

**Vehicle Condition Ratings**    Check Vehicle Title History

### Excellent

$16,225

- Looks new, is in excellent mechanical condition and needs no reconditioning
- Never had any paint or body work and is free of rust
- Clean title history and will pass a smog and safety inspection
- Engine compartment is clean, with no fluid leaks and is free of any wear or visible defects
- Complete and verifiable service records

Less than 5% of all used vehicles fall into this category

### Good

$15,125

- Free of any major defects
- Clean title history, the paint, body, and interior have only minor (if any) blemishes, and there are no major mechanical problems
- Little or no rust on this vehicle
- Tires match and have substantial tread wear left
- A "good" vehicle will need some reconditioning to be sold at retail

Most consumer owned vehicles fall into this category

### Fair

$13,675

- Some mechanical or cosmetic defects and needs servicing but is still in reasonable running condition
- Clean title history, the paint, body and/or interior need work performed by a professional
- Tires may need to be replaced
- There may be some repairable rust damage

### Poor

N/A

- Severe mechanical and/or cosmetic defects and is in poor running condition
- May have problems that cannot be readily fixed such as a damaged frame or a rusted-through body
- Branded title (salvage, flood, etc ) or unsubstantiated mileage

Kelley Blue Book does not attempt to report a value on a "poor" vehicle because the value of these vehicles varies greatly. A vehicle in poor condition may require an independent appraisal to determine its value.

* Washington 5/16/2009

**Accurate Condition Appraisal**    Change Condition

Accurately appraising the condition of a vehicle is an important aspect in determining its Blue Book value. Taking our 16 question condition quiz will ensure you know the correct condition rating

# NEXT STEP:  SEARCH LOCAL LISTINGS

© 2009 Kelley Blue Book Co , Inc  All rights reserved  5/15/2009-5/21/2009 Edition
The specific information required to determine the value for this particular vehicle was supplied by the person generating this report  Vehicle valuations are opinions and may vary from vehicle to vehicle  Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or the transaction or the parties to the transaction  This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party  Kelley Blue Book assumes no responsibility for errors or omissions  (v 09052)

On KBB com    Home    New Cars    Used Cars    Research & Explore    News & Reviews    Ready To Buy    Classifieds    Loans & Insurance    KBB®Green    KBB®Mobile    Motorcycles

Featuring    Auto Show    2009 Top 10 Green Cars    Find A Car Dealer    New York Auto Show    5 Great Car Deals    Car Reviews    Used Cars For Sale    Car Videos

About KBB    About Us    Contact Us    Careers    FAQ    Media    Advertising    Linking    Privacy    Site Map    Copyright & Trademarks    Terms of Service

© 1995-2009 Kelley Blue Book Co , Inc.

